L. R. & F. S. Railway v. Dean.

---

L. R. & F. S. RAILWAY v. DEAN.

| 43 | 529 |
| 65 | 181 |
| 43 | 529 |
| 81 | 501 |

1. RAILROADS: *Limited tickets*: *Obligations of purchaser and carrier*.

A passenger on a limited railroad ticket is bound to use it within

the time specified in the ticket, and to observe the reasonable regulations of the carrier for the running of trains and for facilitating the business of the carriage of passengers; and the company is bound to afford him the opportunity to do so, by running its trains within the time; and if in this it fail, though the last day be a Sunday, it can not refuse the ticket afterwards, at least when offered on the first train after the expiration of the time.

2.  SAME:  *Same:  Continuous journey.*

A purchaser of a limited ticket over several connecting lines of railroads is not bound to make a continuous journey over all, but is bound to make it continuous over each coupon of the ticket; and over the last within the time limited.

3.  SAME:  *Ejection of passenger:  Elements of damage.*

A limited railroad ticket over several connecting lines expired on Sunday : the last line ran no train on that day, and the passenger offered the ticket on the train the next day. It was refused, and the passenger, under protest and under threat of ejection by the conductor, paid his fare to a further station and there, for want of money, was put off and walked to his destination.  HELD: That the extra fare paid, the humiliation of being put off the train, and the inconvenience of reaching his destination by walking, were proper elements of damage to be considered by the jury.

APPEAL from *Pope* Circuit Court.

Hon. J. P. WOOD, Special Judge.

*J. M. Moore,* for appellant.

1.  So long as railroads are run on their published time table, parties purchasing tickets and contracting for transportation must take notice of the rules.  And if they fail to do so they cannot ask the court to relieve them from their contract, and to make contracts for them.  *Thompson on Carriers of Pass., p.* 68, *Sec.* 4, and *p.* 70, *Sec.* 6.

2.  The verdict was excessive, and the jury misdirected

as to the measure of damages. There was nothing in the evidence on which to base an instruction as to damages or injury to appellee's feelings, humiliation, &c. The proper measure of damages would have been the actual pecuniary loss or damage in money or loss of time and expenses of performing the residue of the journey.

*H. S. Carter,* for appellee.

The stiuplation in the ticket that Dean could ride on and between the days punched in the margin was at least a false representation and the judgment is correct. *Denton v. G. N. R. Co.,* 5 *El. & Bl.,* 860 ; 2 *Jur. N. S.,* 185; 25 *Q. B* , 129.

Dean had a right to rely on information received from the agent who sold him the ticket, to the effect that appellant run a train on Sunday. 13 *Reporter,* 368. There was nothing to prevent the running of a special train on Sunday and carrying Dean to his destination as it had agreed to do. 2 *Jac. Fisher's Dig.,* 1551.

When the performance of a contract falls on Sunday, it shall be performed on the following day.

COCKRILL, C. J. The appellee purchased a ticket from Middleton, Tennessee, from the agent of the Memphis & Charleston Railway, via said railway, the Memphis and Little Rock Railway, and the appellant's railway to Russellville, Arkansas, on the first day of September, 1882. The ticket was limited on its face to the third of September. According to the regulations of the several roads as to the time of running trains, appellee should have reached Little Rock at 1 A. M. on the second of September, and in time to take the morning train on appellant's road, but although he arrived on that day at Argenta, no train went out after his arrival, until the morning of the fourth of September. The third day of the month was Sunday and no

trains were run on the appellant's road on that day. The appellee, not being provided with the means to pay the expense of the delay, walked to the house of a friend about ten miles out on his route, and on Monday morning boarded the first train going in the direction of his destination since his arrival at Argenta. The conductor refused to honor his ticket because the time limited had run out, and informed him that he must pay his fare or leave the train. Appellee protested and told him that he did not have the money to pay his fare, but finally gave the conductor all he had except ten cents, and a dollar that he borrowed for that purpose, and paid his fare to Pott's Station, which was short of his destination. On arrival at this station the conductor compelled him to leave the train, as he declined to pay any additional fare. Appellee being without money was forced to walk from that point to his destination. He sued the railroad for ejecting him from the train, and had a verdict and judgment for two hundred dollars.

It is urged here that this judgment should be reversed because the conductor did nothing more than his duty, or if he did, the damages awarded appellee are excessive.

1. RAIL-ROADS: Limited tickets; obligations of carrier and purchaser.

It seems at first to have been doubted whether it was competent for a passenger carrier to enter into a contract limiting the time within which the holder of a ticket should avail himself of the right to use it, but the doubt has been definitely solved in favor of the contract. A passenger riding on a ticket limited as to the time within which it may be used, is bound by the terms of the contract he has made in that regard, and he cannot wait until the ticket has expired by its own limitation, and still be entitled to ride by virtue of it. He is bound, too, to observe the reasonable regulations made for the running of trains and for facilitating the business of the carriage of passengers. The obligation bears

upon the carrier with equal force. He must afford the purchaser of such a ticket the necessary facilities for accomplishing his journey within the stipulated time, and upon his failure to do so, he is not in position to treat the contract of carriage as forfeited, and demand a re-payment of fare for the same passage, at least if the ticket holder avail himself, as in this instance, of the first opportunity to complete his journey after the expiration of the time limited. *Auerbach v. N. Y. Cent. Ry.*, 60 *How.*, (*N. Y.*)——; *Stone v. C. & N. R.*, 47 *Iowa*, 82.

A party who has himself caused delay cannnot inflict a forfeiture on another consequent on the latter failing to come up to time.

When the appellee bought his ticket he was informed that it could be used on appellant's road on the third day of September. This, in fact, is embraced in the terms of the contract itself, for it specified that the ticket could be used on the first, second and third days of the month, and the last coupon was for use on appellant's road. The carrier selling the ticket was the agent of the appellant for that purpose, and the coupon attached for appellant's road was a contract by appellant as binding as if issued by its agent here. This is not disputed, but it is urged that the appellee should have presented himself to be carried on the train leaving Argenta on the morning of the second day. Appellee's contract did not require him so to do. The ticket named the third day and not the second as the limit. The holder of the ticket was not required to make a continuous trip from the starting point to the place of destination. All that could be demanded of him was that he should make a continuous trip under each coupon within the time limited. That is, when he started on his journey over any one of the connecting lines, he was bound to continue without stop to the point on that line named in his coupon. *Hutchinson on Car.*, Sec. 578 ; *Auerback v. N. Y. Cent. Ry.*, 89 *N. Y.*

2. Limited tickets: continuous journey.

The appellee appears, however, to have made all the expedition in his power. He left Middleton on Friday, arrived at Memphis the same day, at Argenta the next, and boarded the first train leaving that place on appellant's road after his arrival.

Appellant admits that no trains were run over its roads on a Sunday, and that appellee had no opportunity to use his ticket on the third day of the month in question on that account It may be that appellant was under no obligation to run its trains for the accommodation of the public on that day. No breach of duty in that regard is complained of in this case. The appellant elected to treat Sunday as no day, and declined to execute its contract, the performance of which fell on that day, for that reason. Under these circumstances we can see no reason why the rule applicable to other contracts should not be enforced as to this, viz: if a contract matures on Sunday the performance is to be exacted on the next day. 2 *Whart. Cont., Sec.*, 897; *Clock v. Bunn*, 6 *Johns.*, 326; *Perkins v. Dibble*, 10 *Ohio*, 433; *Link v. Clemmens*, 7 *Blackf.* (*Ind.*), 479.

This rule is the more applicable to the case at bar for the reason that the time for the performance is imposed by the railroad by way of limitation, and the contract should be so construed as to save the right and prevent a forfeiture if it can be done. *Barnes v. Eddy.* 12 *R. I.*, 25; *Evans v. St. L., I. M. & S. Ry.*, 11 *Mo. App.*, 463; *Auerbach v. N. Y. Central Ry.*, 89 *N. Y.*, 281.

The regulation of the company requiring the conductor to refuse such tickets after the last day of its limit could not affect appellee's legal rights. *Burnham v. R. R.*, 63 *Me.*, 298; *Jeffersonville R. Co. v. Rogers*, 38 *Ind.*, 116.

The conductor doubtless thought he was performing his duty, but that does not help the appellant's case.

No harsh or unnecessary means appear to have been ₈. Wrongful ejection of passenger: measure of damages. resorted to in this instance to expel the appellee from the train, though he, himself, testified that the conductor threatened to throw him off. The elements of damage the jury were directed to consider in case they found for appellee, were, the extra fare paid by him, the humiliation of being put off the train, and the inconvenience of being compelled to reach his destination by other means. The jury might well consider all of this, and we can not say that the amount awarded is excessive. *Sutherland on Dam.*, pp., 250 *et Seq.*, 270; *Walsh v. R. R.*, 42 *Wisc.*, 23; *Jeffersonville R. R. v. Rogers*, 38 *Ind.*, 116; *Pittsburg, Cin., & St. L. Ry. v. Humeigh*, 39 *Ib.*, 509.

Affirmed.