# The Philadelphia, Wilmington and Baltimore Railroad Company vs. John W. Rice.

## Railroad Company—Ejecting a Passenger—Exemplary damages.

R. bought from a railroad company a round trip ticket from W. to P. The ticket was in two coupons attached to each other,—one being for the trip to P., and the other for the return trip. On the trip to P., the conductor of the train tore off the coupon for that trip, and by mistake punched the return coupon. He afterwards wrote on the back in pencil the words " cancelled by mistake," and returned it to R., saying, " I have fixed it all right, now you can ride on it." The next day, R. on his return trip, offered the punched coupon to the conductor, (not the one who had punched it,) who declined to accept it because it had been cancelled, and refused to accept R's explanation of the cancellation, or the endorsement on the back, stating that it had been cancelled by mistake. The mistake had not been corrected according to the rules of the company, which required the conductor making the mistake to draw a ring round the cancellation mark, and write on the back of the ticket the word " error," and sign his name or initials. On the refusal of R. to pay the fare demanded, he was put off the train. In an action by R. against the railroad company to recover damages for his ejection, it was Held :

1st. That the ejection of the plaintiff under the circumstances gave him a substantive ground of action.

2nd. That the plaintiff was wholly without fault, and had a right to rely upon the assurance of the conductor when he informed him that the ticket was all right, and entitled him to ride on it.

3rd. That if the servants of the defendant under such circumstances laid their hands forcibly on the person of the plaintiff, and compelled him to leave the car, there was not merely a breach of contract on the part of the company, but an unlawful interference with the person of the plaintiff, and an indignity to his feelings for which an action would lie, and for which he was entitled to compensation in damages.

4th. That as the proof failed to show that the plaintiff was wantonly or maliciously ejected from the car, he was not entitled to exemplary damages.

APPEAL from the Circuit Court for Baltimore County.

This was an action of trespass *vi et armis*, removed from the Baltimore City Court. It was brought by the appellee to recover for his alleged forcible expulsion from one of the trains of the appellee. The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiff offered three prayers, and the defendant nine; but their insertion is deemed unnecessary, as the opinion of the Court gives their substance. The defendant excepted to the granting of the plaintiff's prayers, and to the rejection of its second, third, fifth, sixth, seventh, eighth and ninth prayers. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J.

*D. G. McIntosh,* and *John J. Donaldson,* for the appellant.

*W. F. Campbell,* and *R. R. Boarman,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee, plaintiff below, bought a round trip ticket from Wilmington to Philadelphia. The ticket was in two coupons attached to each other,—one being for the trip to Philadelphia, and the other for the return trip. Shortly after leaving Wilmington, the conductor came through for tickets, took the plaintiff's ticket, tore off the coupon for the trip to Philadelphia, and by *mistake* punched the return coupon. A few minutes after, he came back and

said to plaintiff, "let me see that ticket, I think I have made a mistake." He then took the ticket which was the return coupon punched by him, and wrote on the back of it with a pencil the words, " cancelled by mistake," and returned it to the plaintiff, saying, "I have fixed it all right, now you can ride on it." The next day, the plaintiff on the return trip to Wilmington handed to the conductor of that train the punched coupon, which however he declined to accept, because it had been cancelled. The plaintiff then called his attention to the writing on the back of the ticket, and explained how it had been punched, and the mistake corrected by the conductor on the trip to Philadelphia. But the conductor declined to accept the explanation, saying to the plaintiff, "anybody could have written that, you could have done it yourself." The mistake it seems had not been corrected according to the rules of the company, which required the conductor making the mistake to draw a ring around the cancellation mark, and write on the back of the ticket the word "error," and sign his name or initials. The conductor accordingly demanded of the plaintiff the fare from Philadelphia to Wilmington, and upon his refusal to pay it, he was put off the train.

Upon these facts it is admitted an action will lie against the company for a breach of contract as a carrier, or for the negligence of the conductor in cancelling the plaintiff's ticket, and thereby destroying the only evidence of his right to the return trip ; but inasmuch as the cancellation had not been corrected according to the rules of the company, the ejection of the plaintiff under such circumstances, it is argued, does not in itself furnish a substantive ground of action. We shall not stop to examine the several cases relied on in support of this contention. *Hufford vs. Grand Rapids and I. R. R. Co., The Reporter,* 18 *Vol.,* 147 ; *Frederick vs. The Marquette, Houghton and Ontonagon R. R. Co.,* 37 *Michigan,* 342 ; *Yorton vs. The*

*Milwaukee, Lake Shore, and Western Railway Co.,* 54 *Wisconsin,* 234; *Bradshaw vs. South Boston R. R. Co.,* 135 *Mass.,* 407.

It is sufficient to say, the facts in this case differ materially from the facts in those cases. Here the plaintiff was *wholly without fault.* He had purchased a ticket which entitled him to a round trip from Wilmington to Philadelphia. The return coupon was cancelled through the mistake of the conductor; this error he attempted to correct, and informed the plaintiff that it was all right. The latter had a right to rely on this assurance, and that the ticket for which he had paid his money, entitled him to return to Wilmington.

If the servants of the appellant under such circumstances laid their hands forcibly on the person of the plaintiff, and compelled him to leave the car, there was not merely a breach of contract on the part of the company, but an unlawful interference with the person of the plaintiff, and an indignity to his feelings for which an action will lie, and for which he is entitled to be compensated in damages. Such is the well settled law of this State and of this country. The mistake by which the plaintiff's ticket was cancelled was the mistake of the appellant's servant, and it must abide the consequences. There was no error therefore in the rulings of the Court in this respect.

But in addittion to damages for the unlawful interference with the person of the plaintiff and the indignity to his character and feelings, the Court also instructed the jury that if he was *maliciously* or *wantonly* ejected from the train, he was entitled to recover *exemplary damages* as a *punishment* to the appellant. Now we have not been able to find a particle of evidence from which the jury could find that the plaintiff was wantonly or maliciously ejected from the car. Tke ticket which he handed to the conductor Mattison, was a cancelled ticket, one which upon its face showed it had been used. It had been can-

Phil., Wilm. & Balto. R. R. Co. *vs.* Rice.

celled, it is true by the mistake of another conductor; but this mistake had not been corrected according to the rules of the company. Mattison could not therefore recognize it as a ticket entitling the plaintiff to the trip to Wilmington, and if the latter refused to pay his fare or to leave the car, the conductor was obliged to eject him forcibly. The proof shows the conductor acted in good faith, and in obedience to the rules of the company, and that no greater force was used than was actually necessary. No complaint is made by the plaintiff in his testimony of unnecessary force, or that any abusive language was used. The brakeman, he says, "put his hand on his shoulder, and pulled him across the person who was sitting by him;" at first he had made up his mind to resist; but upon the advice of friends he concluded to go out without further resistance." The testimony of his friends Friedenrich and Hobbs is to the same effect. Hobbs says, the manner "of the conductor and brakeman was firm and decided; they looked angry." This is the evidence on the part of the plaintiff to support the claim for punitive damages, damages as a punishment to the appellant for having acted in bad faith, or maliciously, or wantonly, or in a spirit of oppression. The case it seems to us is wanting in every element necessary to entitle the plaintiff to vindictive damages. Camp, a passenger, who saw and heard all that took place says, "the conductor told the plaintiff he must have all the tickets regular, and hoped he would not think hard of him; his orders were imperative, and he was only doing his duty. The brakeman put his hand gently on plaintiff's shoulder and he went out without resistance; all the parties, witness thought acted like gentlemen."

This case comes before us a second time, and we naturally feel some reluctance in sending it back for another trial. But as there is no evidence from which the jury could reasonably find that the plaintiff was *wantonly or*

*maliciously* put off the train, the Court erred in granting the plaintiff's third prayer, by which the question of *punitive damages* was submitted to the finding of the jury.

*Judgment reversed, and
new trial awarded.*