## HOT SPRINGS RAILROAD COMPANY v. DELONEY.

### Opinion delivered April 2, 1898.

| 65 | 177 |
|----|-----|
| f67 | 129 |

| 65 | 177 |
|----|-----|
| 69 | 85 |

| 65 | 177 |
|----|-----|
| h79 | 488 |
| 81 | 502 |

| 65 | 177 |
|----|-----|
| d87 | 166 |
| f88 | 286 |

| 65 | 177 |
|----|-----|
| 89 | 63 |

1. CARRIER—TICKET—LIABILITY FOR EJECTING PASSENGER.—A passenger on defendant's train presented to the conductor a ticket which, by mistake of defendant's ticket agent, was improperly made out. The conductor, acting under orders, refused to accept the ticket, and, on defendant's refusing to pay fare, the train was stopped about a mile from the initial station, and plaintiff was compelled to walk back and take passage on a later train. *Held* that defendant was liable for the damages suffered by plaintiff, such as for the delay in completing his journey, for the time and trouble of having to walk back to the station, and for such humiliation as he was made to undergo. (Page 181.)

2. SAME—EXPULSION.—Where a conductor informs a passenger that he must pay fare or get off, and, on his refusal to pay, stops the train for him to get off, the passenger is justified in treating such conduct as an expulsion. (Page 182.)

3. EXPULSION OF PASSENGER—DAMAGES—MENTAL ANGUISH.—A passenger wrongfully expelled from a train cannot recover from the railway company damages for mental anguish caused by the resulting delay in reaching his sick brother. (Page 182.)

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*Jno. M. Moore* and *W. B. Smith*, for appellant.

Actions *ex delicto* and *ex contractu* cannot be joined. Sand. & H. Dig., § 5703; Newman's Plead. & Pract. 167; 33 Ark. 316; 58 Ark. 136; Bliss' Code Plead. (2 Ed.) §§ 129, 130. The action is in tort. 58 Ark. 138; 34 W. Va. 65. A passenger's ticket is conclusive evidence, to the conductor, of his right to ride. If the ticket, on its face, does not entitle him to ride, and he refuses to pay his fare, the conductor is justified in putting him off. . 34 W. Va. 95; 14 Lea, 128; 21 Ore. 121; 52 Fed. 197; 127 U. S. 396; 23 Fed. 328; 37 Mich. 342; 54 Wis. 234; 56 N. Y. 295; 15 N. Y. 455; 41 La. An. 732; 29 Ohio St. 214; 36 Com. 291; 62 Ark. 259; 106 N. C. 168; 135 Mass. 407; 14 Lea, 146–8; 62 Ark. 259.

12

As to right to eject: 45 Ark. 368–372; *ib.* 527. Evidence of the condition of plaintiff's sick brother, at the time he reached him, was incompetent. 58 Ark. 205; 41 *id.* 382; 37 *id.* 594. Damages are not recoverable for mental pain and anguish, independently of any physical injury.    64 Ark. 538.

*Wood & Henderson*, for appellee.

The railway company is responsible for the mistake of its ticket agent, and is liable to respond in damages for consequent injuries.    9 S. W. 451; 18 S. W. 1066; 21 S. W. 951; 24 Am. St. Rep. 309; 22 Am. St. Rep. 499; *ib.* 490; 11 *ib.* 434; 25 N. E. 439; 32 N. E. 96; 18 Am. Rep. 220; 45 Am. Rep. 464; 16 Am. Rep. 750; 16 Atl. 67; 50 Am. Rep. 307; 137 Mass. 293; 8 Am. Rep. 305; 40 N. W. 689; 8 Am. St. 859; 64 Mich. 631; 70 Fed. 585; 143 U. S. 60; 43 Pac. 320; 63 N. W. 584; 47 N. W. 49; 36 S. W. 174; 21 Atl. 97; 79 Hun, 33; 21 S. E. 1022; 33 S. W. 1028.

*J. M. Moore* and *W. B. Smith*, for appellant, in reply.

The scope of the duties of the conductor and the ticket agent were entirely different, and if the conductor, in putting appellee off the train, was acting within the scope of his duties, the company is not liable therefor, although the expulsion was the result of the wrong and fault of the ticket agent.    58 Ark. 138. If the plaintiff had sued for damages for the breach of contract, no special damages would be recoverable.    48 Ark. 509.

BUNN, C. J.    This is a suit for damages for being expelled from defendant's passenger coach. Damages laid at $2,500. Judgment for $400, and defendant appealed, because of errors in giving and refusing instructions, and in the admission of improper testimony, and because the verdict is contrary to law and testimony, and is excessive.

The complaint, in substance, states that the plaintiff purchased two passenger tickets for passage of himself and brother from Hot Springs to Atkins, in this state, paying the full and regular price therefor, from the defendant's ticket agent at Hot Springs, who had authority to sell tickets over defendant's line to Malvern and the connecting line extending thence to Atkins;

that in a short time he boarded defendant's regular passenger train, intending to make his journey aforesaid, but that, having gone about one mile, the conductor of the train, to whom he had presented the tickets aforesaid, refused to accept them in payment of their fares to Malvern, and demanded that they pay their fares to said point, accompanying the demand with the threat or announcement that, unless plaintiff did so, he would put them off the train. After some parleying between them, the conductor stopped the train, and the plaintiff and his brother got off, and walked back to the Hot Springs depot, and then had the tickets corrected by the ticket agent; that they were thus delayed in their journey until the next train went out, which occurred eight or ten hours later; that the occasion of their journey was a receipt of a telegram just before the purchase of the tickets, informing them of the dangerous illness of another brother, residing at Atkins, and that, when they did reach him, he was in an unconscious state, and died sometime afterwards, having never revived so as to recognize them. Plaintiff claimed damages because, by reason of the negligence of the ticket agent in not delivering him his ticket to Malvern, he was put off the car by the conductor, and at a different place than a regular stopping place or station; because he was thereby made the butt of laughter and ridicule by his fellow passengers, and thereby suffered great indignities and mortification; because he was put to the trouble of walking back to Hot Springs depot; because of the delay; and because during the delay he suffered mental anguish over the condition of his brother.

The answer of the defendant denied all negligence and improper conduct on the part of the conductor; denied that plaintiff was expelled from the cars, but, on the contrary, alleged that he got off voluntarily; and denied that plaintiff was injured in any manner.

The evidence sustains the allegations in the complaint, except as to what occurred between plaintiff and the conductor, and in that it is conflicting; and it also shows that the deceased brother at Atkins had been unconscious a day or two before his brothers arrived.

The suit is treated by the parties as one for tort, and not

for a breach of contract, and we will so treat it also. The contention of appellees is that, having purchased and paid for the tickets over appellant's and the connecting roads, and having boarded the train relying upon his ticket to insure him passage to Malvern as well as from thence to Atkins, he had the right to stand upon the contract thus made between appellant and himself, and to remain and be transported on said train, notwithstanding the mistake of the ticket agent of appellant in failing to deliver to him the coupon or portion of the ticket calling for passage from Hot Springs to Malvern, and that his expulsion by the conductor was therefore unlawful. On the other hand, the appellant contends that the conductor could only rely upon the face of the ticket to determine his duty in the premises, and that the representation of the passenger to the effect that he had in fact paid his fare, and that the ticket agent had made a mistake in not delivering him a proper ticket, was no evidence upon which he could lawfully act in his efforts to enforce the reasonable rules of the appellant company. The court below adopted the view of the appellee, and instructed the jury accordingly.

Whether, under such circumstances as are detailed in the testimony of this case, a conductor, collecting tickets and fares, is justified in relying solely upon the fact and appearance of the ticket to determine his duty as to the acceptance of the same, and as to his expulsion of a passenger for refusing to pay fare, in case of his rejection of the same, has given rise to one of the most protracted discussions in all the domain of the law pertaining to the relative duties of carriers and passengers; each side to the controversy naturally contending for a more or less rigid application of the peculiar rule contended for by them. It may be of interest to present here at least a partial list of cases relied upon by both parties to the controversy, for the purpose of giving a better insight into the real nature of the controversy. In support of appellee's view, the following citations are made: *St. L., A. & T. R. Co.* v. *Mackie*, 9 S. W. Rep. 451; *Mo. Pac. R. Co.* v *Martino*, 18 S. W. Rep. 1069; *G. C. & F. R. Co.* v. *Rather*, 21 S. W. Rep. 957; *K. C. etc. R. Co.* v. *Riley*, 24 Am. St. Rep. 309; *Ga. R. & B. Co.* v. *Dougherty*, 22 Am. St. Rep. 499; *Head* v. *Ga. Pac. R. Co.* 11 Am. St.

Rep. 438; *B. & O. R. Co.* v. *Bambrey*, 16 Atl. Rep. 67; *Hufford* v. *G. R. etc. R. Co.* 8 Am. St. Rep. 859; *U. Pac. R. Co.* v. *Pauson*, 70 Fed. Rep. 585; *N. Y. L. E. & W. R. Co.* v. *Winter*, 143 U. S. 60; *Sloan* v. *S. Col. R. Co.* 43 Pac. Rep. 320; *L. & N. R. Co.* v. *Gaines*, 36 S. W. Rep. 174; *Phila. W. & B. R. Co.* v. *Rice*, 21 Atl. Rep. 97; *Muckle* v. *Rochester R. Co.*, 79 Hun, 33; *Trice* v. *C. & O. R. Co.*, 21 S. E. Rep. 1022; *Gulf City & S. R. Co.* v. *Halbrook*, 33 S. W. Rep. 1028; *Railway Co.* v. *Dean*, 43 Ark. 529, and others cited by appellees' counsel. In support of appellant's contention, its counsel cite *McKay* v. *O. R. R. Co.*, 34 W. Va. 65; *L. & N. R. Co.* v. *Fleming*, 14 Lea (Tenn.), 128; *Peabody* v. *O. R. Co.*, 21 Ore. 121; *Poulin* v. *Canadian Pac. R. Co.*, 52 Fed. Rep. 197; *Mosher* v. *St. L., I. M. & S. R. Co.*, 127 U. S. 396; *ib.* 23 Fed. Rep. 328; *Frederick* v. *Marquette R. Co.*, 37 Mich. 342; *Yorton* v. *Milwaukee R. Co.*, 54 Wis. 234; *Townsend* v. *N. Y. C. & H. R. Co.*, 56 N. Y. 295; *Hibbard* v. *N. Y. & Erie R. Co.*, 15 N. Y. 455; *McGowan* v. *Morgan's La. & T. R. & S. Co.*, 41 La. An. 732; *Shelton* v. *L. S. & Mich. R. Co.*, 29 Ohio St. 214; *Downs* v. *N. Y. & N. H. R. Co.*, 36 Conn. 287; *St. L. & S. F. R. Co.* v. *Brown*, 62 Ark. 254; *Rose* v. *W. & N. R. Co.*, 106 N. C. 168; *Bradshaw* v. *S. Boston R. Co.*, 135 Mass. 407.

Some modifications of the rule, as contended for by each party to the controversy, have been attempted, but efforts to reconcile the two have not, so far, been crowned with any great degree of success. There is this much to be said, however, and that is that the tendency of more recent decisions is towards at least a conservative view of the principle contended for by appellee's counsel; and we adopt that in this case, to wit, that, notwithstanding the conductor has only carried out the company's rules and regulations, and these are reasonable, and he therefore may be exonerated from blame personally, yet, as the company, through its ticket agent acting for it, was guilty of doing that which produced all the injury the plaintiff may have suffered from being put off the train, it is liable for such, and cannot shield itself behind the faithfulness of its servant the conductor, for its negligence in not delivering a proper ticket to the plaintiff, and has not only injured the plaintiff, if indeed he was injured, but placed the conductor in the attitude of

participating in the wrongdoing, while yet performing his duty personally, while of course ignorant of the wrong done to the plaintiff, if any was done.

In the case at bar, the only error committed by the conductor personally, so far as the evidence shows, was in putting plaintiff off the train at another place than a regular stopping place or station, but for this error of itself, if unattended by unnecessary force or ill treatment, the damages would be only nominal. *St. L., I. M. & S. R. Co.* v. *Branch*, 45 Ark. 524.

The conduct and manner of the conductor in informing the plaintiff that he would have to pay his fare, for the reason that his ticket did not call for his passage to Malvern, or else get off the train, was equivalent to an expulsion, in the legal sense, and the plaintiff was required to do no more than he did do as a protest against the expulsion, and did right in getting off the train when the same was stopped for that purpose; and not only so, but might not have been justified in making greater resistance, at least further resistance such as might have occasioned further injury to himself. We think, therefore, that plaintiff is entitled to all damages that may have grown out of his expulsion, such as for the delay in completing his journey, for the time and trouble of having to walk back to the Hot Springs depot, and for such humiliation as he was made to undergo by being put off. These damages are all, however, only compensatory, unless the element of malice, recklessness or wantonness entered into the motive with which the injury was done, if done at all.

In the course of the trial, the court, at the instance of the plaintiff, gave the following instruction over the objection of the defendant, to-wit: "7. If you find for the plaintiff, you will assess his damages at a sum that will compensate him for the humiliation and inconvenience suffered by him, if any, by reason of being expelled from defendant's train; and if, at the time of being expelled from said train, he was on his way to the bedside of a sick brother, in answer to a telegram informing him that his said brother was bad sick, and he notified the conductor in charge of said train of that fact at the time of being expelled from said train, then, if he suffered mental anguish on account of the delay in reaching his said brother,

caused by his being expelled from said train, he is also entitled to compensation for such suffering caused by such delay, if any." The mental suffering sought to be made an element of damage in the foregoing instruction has no direct connection with the tortious act which is the basis of the action, but, on the contrary, is remotely connected therewith, and is too remote to enter in the suit as an element of damage. The subject of mental suffering alone as a cause of action was discussed at some length in the recent case of *Peay* v. *Western Union Telegraph Company*, 64 Ark. 538.

The instruction, for the reason stated, should not have been given, and for this error the judgment is reversed, and the cause remanded, with instructions to proceed not inconsistently herewith. It is unnecessary to consider other matters complained of as errors.