St. Louis, Iron Mountain & Southern Railway Company *v.* Cates.

Opinion delivered July 13, 1908.

CARRIERS—CONNECTING LINES—BREACH OF CONTRACT—DAMAGES.—Where a passenger purchased a ticket over two connecting roads, and the train auditor upon the first road, by mistake, took up that part of his ticket which entitled him to be carried over the second road,

and the passenger was ejected from the second road for failure to produce a ticket, in an action against the first road for breach of the contract where the passenger had the money to pay his fare the measure of his damages is the price of a ticket to his destination.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed with remittitur.

### STATEMENT BY THE COURT.

On the 10th day of October, 1905, J. M. Cates, the plaintiff, purchased from the ticket agent of the defendant St. Louis, Iron Mountain & Southern Railway Company a first-class passenger ticket, entitling him to passage from Coffeyville, Kansas, to Hot Springs, Arkansas. On the same day he took passage on one of said defendant's passenger trains at Coffeyville for Hot Springs, and was conveyed to Benton, Arkansas. At some point between Little Rock and Benton, Arkansas, the servant of the railway company whose duty it was to take up tickets failed to return to him that part of the ticket which entitled him to transportation on the line of the Little Rock & Hot Springs Western Railway Company from Benton to Hot Springs, Arkansas. Plaintiff had no knowledge or information as to the change of roads or of conductors, and upon his arrival at Benton became a passenger on a regular passenger train of said Little Rock & Hot Springs Western Railway Company from Benton to Hot Springs.

The conductor on this train asked him for his fare or ticket. He thereupon told the conductor that he had given his ticket to the servant of the St. Louis, Iron Mountain & Southern Railway Company, whose duty it was to take up tickets, and that said agent had failed to return him a coupon or ticket from Benton to Hot Springs. He told the conductor that he had purchased a ticket to Hot Springs, and that he took passage on the train in ignorance of the mistake made by the former conductor or servant whose duty it was to take up tickets. The conductor told him that he would have to pay his fare or be put off of the train. When the train arrived at Lonsdale, plaintiff was ejected from the train for the non-payment of his fare. He states that the conductor was very nice about it, and said that his duty required him to do it. It was raining at the time. Plaintiff states that he was sick at the time, and that he went at once into the

depot. Then he went up to a store, and inquired if there was a hotel or other place of accommodation for travelers. Upon being told there was none, he spent the time before the arrival of another train in the stores and the depot. That he was put off the train in the morning. That he bought some cheese and crackers for dinner, and upon the arrival of the evening train took passage on it for Hot Springs. That the fare was sixty-five cents, and that he paid it by giving the conductor forty cents and a coin made in 1820, which he had been keeping for several years, and which was all the money he had with him. Plaintiff further states that he had a chill that afternoon at Lonsdale. That he was sick for two or three weeks after his arrival at Hot Springs, and did not resume work for two or three months.

This action is brought against the defendants to recover damages for negligently failing to return to plaintiff that part of his ticket which authorized and entitled him to transportation over the line of railroad of the defendant Little Rock & Hot Springs Western Railroad Company from Benton to Hot Springs.

The court gave a peremptory instruction in favor of the Little Rock & Hot Springs Western Railway Company. A jury returned a verdict for plaintiff for $200 against the St. Louis, Iron Mountain & Southern Railway Company, and judgment rendered accordingly.

The latter company has appealed.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

Appellant is liable only for actual damages for breach of contract, which in this case is the fare from Benton to Hot Springs. 95 S. W. 1007; 94 S. W. 333.

*Wood & Henderson,* for appellee.

The question is, was the expulsion of appellee from the train at Lonsdale the proximate result of the negligence of the auditor or conductor of appellant in taking up and failing to return appellee's ticket between Little Rock and Benton? If so, appellant is liable for all consequences naturally following. 45 N. Y. Supp. 988; 67 N. E. 409; 95 U. S. 117; 81 N. W. 285; 41 Ohio St. 378; 57 Fed. 301; 77 N. Y. 83; 43 N. Y. 1003; 26 S. W.

1075; 65 Tex. 274; 1 Thompson's Com. on Negligence, § 48; *Id.* § 59; 73 Pac. 105; 69 N. W. 640; 44 S. W. 259.

HART, J., (after stating the facts.)   In this case the appellee made a contract with appellant to furnish him transportation from Coffeyville, Kansas, to Hot Springs, Arkansas.   A part of the journey was to be made over the line of a connecting carrier, the Little Rock & Hot Springs Western Railway Company.   The auditor of appellant company, by mistake, took up that part of the ticket which entitled appellee to be transported over the line of the connecting carrier.   In ignorance of this mistake appellee took passage over the line of the connecting carrier to his destination.   For non-payment of his fare he was ejected from the train of the connecting carrier.   The appeal here is by the initial or contracting carrier.   The action against it has no element of tort, but is an action for failure to perform its agreement of carriage.

The undisputed testimony shows that appellee had sufficient money with which to pay his fare.

Appellee could not increase his damages for a breach of contract by neglecting or refusing to do that which would lessen them.   By refusing to pay his fare he contributed to his injuries, which are the direct result of his own conduct, and not the breach of the contract for his carriage.

In the case of *St. Louis S. W. Ry. Co.* v. *Reagan,* 79 Ark. 484, which was an action against the railway company for damages alleged to have resulted from delay in the company furnishing free transportation to its hospital to its employee in violation of its agreement, the action was held to be one on contract, and the court said it had none of the elements of a tort.   On the measure of damages, at page 489, the court said: "When a party has the money with which to purchase a ticket, the natural and ordinary damages which would result from a breach of a contract to give him free transportation would be the price of the transportation agreed to be furnished.   If plaintiff in the case had the money with which to have purchased a ticket, we see no reason why he should be allowed to recover damages for failing to furnish a ticket, beyond the price of the ticket."

If appellee had been ejected from the train of the carrier with whom he made the contract, he would have had a right of

action against it for breach of duty as a carrier, and his measure of damages, unless there was an element of malice, recklessness or wantonness, would have included the humiliation that resulted from his expulsion from the train. *Hot Springs Railroad Company* v. *Deloney*, 65 Ark. 177. But where the eviction was made by the connecting carrier, the question is one of contract only, and appellee can recover only the extra fare demanded, by the payment of which all other damages could have been prevented. The undisputed testimony shows that appellee paid the sum of sixty-five cents to complete his journey, and this is all that he is entitled to recover under the contract.

A remittitur will cure this error; and if appellee will within two weeks remit the excess of the judgment over sixty-five cents, judgment will be entered here for that amount; otherwise the cause will be remanded for a new trial.