ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* BROWN.

Opinion delivered January 30, 1911.

1. CARRIERS—WRONGFUL EJECTION OF PASSENGER—MENTAL DAMAGES.— Where a female passenger, having a ticket to her destination, was wrongfully ejected from the train in the night time before she reached such destination, it was not error to instruct the jury to allow damages for the "humiliation and fright, anxiety and mental distress which she suffered, if any, by reason of being ejected from said train and left alone." (Page 507.)

2. SAME—DAMAGES FOR WRONGFUL EJECTION OF PASSENGER.—In estimating the damages of a female passenger in being wrongfully ejected at night before she reached her destination the jury may consider the fact that she was ejected with her baggage at a lonely place on the railroad where she could not procure shelter, and that she became physically exhausted in attempting to carry her baggage to the depot and in seeking shelter for the night, and her physical and mental suffering in consequence thereof. (Page 507.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

Action by Mamie Brown against the St. Louis, Iron Mountain & Southern Railway Company to recover damages for wrongful expulsion from a train before reaching her destination. Plaintiff recovered judgment for damages, and the defendant appealed.

*Lovick P. Miles* and *Thomas B. Pryor,* for appellant.

There is no evidence that the appellee received any physical injury. The verdict of the jury is excessive, being based wholly upon the court's instructions to them to take into consideration is assessing her damages the fright, fear, mental suffering and apprehension of discomfort. Mental suffering unaccompanied by physical injury is not an element of recoverable damages,

because "too remote, uncertain and difficult of ascertainment." 84 Ark. 47; 151 N. Y. 107; 175 Ill. 401; 117 Ky. 11; 46 Ark. 538; 33 Ark. 350; 65 Ark. 177; 74 Mo. 147; 67 Ark. 130.

*Moose & Reid,* for appellee.

No other conclusion can reasonably be reached from the evidence than that appellant suffered severe physical injury as the direct and proximate consequence of her wrongful ejection from the train. Physical injury is not confined to blows, bruises or loss of limbs. Unquestionably exhaustion, fatigue, exposure to the weather, and prostration and sickness, when resulting from the negligence or wrongful act of another, are properly classed as physical injuries. Mental suffering was, therefore, a proper element of damages in this case, being directly connected with and inseparable from the physical suffering. Elliott on Railroads, § § 1758, 1816, 1817.

McCulloch, C. J. Plaintiff embarked at Plummerville, Ark., as a passenger on one of appellant's trains *en route* to Bragg, Oklahoma, and had a ticket which entitled her to ride on the train between those stations. According to the allegations of the complaint and testimony which she adduced at the trial, the train auditor wrongfully and forcibly ejected her from the train in the night before she reached her destination and about half a mile from Bluffs, Okla., another station. She testified that the auditor pitched her baggage off, and then, over her protest, seized her under the arms and set her off the train; that she screamed and asked where the depot was, and he replied, as the train moved on, that the depot was about two hundred yards back. She was alone, and her baggage was heavy. She attempted to carry it until she became exhausted, and set it down by the track, and after search she found a house, and finally flagged a freight train, and was carried to her destination, reaching there about 11 o'clock in the night. In her search for a house at which to stay, and in getting back to the railroad after failing to get a place to stay, she had to walk across fields, through brush and briars. She testified that she was humiliated and frightened at being put off in a strange place in the night, that she was physically exhausted by the exertion in carrying the heavy baggage, and that her condition became such that

she did not sleep for several nights, and was unable to get out of her room for about two weeks.

It is insisted by counsel for defendant that the court erred in giving instructions which permitted plaintiff to recover damages for "humiliation and fright, anxiety and mental distress, which she suffered, if any, by reason of being ejected from said train and left alone," and that the damages assessed were excessive on account of the jury being allowed to consider those elements. Counsel base their contention on the case of *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 84 Ark. 42. The doctrine of that case is stated in the following language, and does not reach to this case at all: "We prefer to adhere to the rule, as a sound one, that mental suffering alone, unaccompanied by physical injury or any other element of recoverable damages, can not be made the subject of an independent action for damages, even where the act or violation of duty complained of was wilfully committed; and that such suffering does not of itself constitute a cause of action, but is merely an aggravation of damages when it naturally ensues from the act complained of." Here there is an independent cause of action for the wrongful and forcible ejection. *Little Rock & F. S. Ry.* v. *Dean,* 43 Ark. 529; *Hot Springs Rd. Co.* v. *Deloney,* 65 Ark. 177; *Little Rock Ry. & Elec. Co.* v. *Goerner,* 80 Ark. 158; *St. Louis S. W. Ry. Co.* v. *Furlow,* 81 Ark. 496; *St. Louis, I. M. & S. Ry. Co.* v. *Baty,* 88 Ark. 282.

In *St. Louis S. W. Ry. Co.* v. *Furlow, supra,* we said: "The amount of damages for an injury involving humiliation and distress of mind resulting from a wrongful expulsion from a train, accompanied by harsh treatment, is indeterminate, and must be left, to some extent, to the sound discretion of the jury; and unless the assessment is palpably excessive, or so flagrantly unjust as to indicate passion, prejudice or a failure to appreciate the law and facts presented, this court will not disturb it."

The evidence in the present case warranted a finding that the train auditor ejected plaintiff from the train with full knowledge of the fact that it was not her station, that it was not any station at all, and that there was an element of wilfulness and intentional wrong in his conduct. There is also evidence of physical suffering resulting directly from the wrongful expulsion of

plaintiff with her baggage at a lonely place on the railroad where she could not procure shelter. She became physically exhausted in attempting to carry her baggage back to the place where the auditor told her she would find the depot, and in seeking to find a house where she could procure shelter and protection for the night.   The jury had a right to consider these circumstances, and the mental as well as the physical suffering plaintiff endured, in estimating the amount of her damages.

Counsel for defendant do not argue the question of excessiveness of the damages except in connection with their contention that the court erred in submitting to the jury the element of mental pain and suffering.

The case was submitted to the jury under proper instructions, and the evidence was sufficient to warrant a finding that the plaintiff was wrongfully ejected from the train without any fault on her part.   The judgment is therefore affirmed.