CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. MIZELL.

Opinion delivered April 5, 1915.

DAMAGES—MENTAL ANGUISH—NEGLIGENCE—PHYSICAL PAIN—CAUSAL CONNECTION.—Appellees, wishing to attend the funeral of a near relative undertook to board a train at a certain place. The train did not stop and appellees suffered physical inconvenience and pain in walking to another station in the rain, and were unable to attend the funeral. *Held*, there can be no recovery against the railroad for mental anguish caused by appellee's inability to attend the funeral, there being no sufficient causal connection between the pain suffered from the walk in the rain and appellee's mental anguish on account of the delay.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

STATEMENT BY THE COURT.

Appellees left home to attend the funeral of a Mr. Mizell, who was the father of two of the appellees and the uncle of the third. The funeral was to be near Malvern. Appellees attempted to take passage on one of appellant's trains at Essex Park, which was a flag station for the train they attempted to go on. The train was flagged, but failed to stop, whereupon appellees walked over to

Lawrence and took a train into Hot Springs; but in this walk they were caught in a rain and all became ill as the result of having gotten wet. If the train had stopped, they would have arrived at their destination that evening, whereas, appellee, Mrs. Sprouls, became ill and returned home without attending the funeral, and the other appellees did not reach their destination until the following morning. Mrs. Sprouls testified that she loved her uncle, and was grieved over her failure to attend his funeral; and the other appellees testified that they were grieved on account of the delay in reaching the place where their father's remains had been carried, and in not being present to know that proper funeral arrangements had been made.

Over appellant's objections, the court gave instructions numbered 3 and 4, which read as follows:

"3. The jury are instructed that if your verdict is for the plaintiffs, you should assess as damages such a sum of money as you think, from the facts and circumstances adduced in evidence, would fairly compensate plaintiffs for all inconvenience and physical pain suffered, if any, for all mental anguish, if any, and for any extra expense caused plaintiffs, if any."

"4. You are instructed that you can not assess any damages on account of mental anguish suffered, unless the proof shows that physical pain was suffered in connection with the mental anguish."

The giving of these instructions, and the refusal to give an instruction that no damages could be based upon any delay in arriving at the funeral, constitute the only error of which appellant complains. Substantial verdicts were returned in favor of all of the appellees, the cases having been consolidated by consent, and this appeal has been duly prosecuted from the judgment pronounced thereon.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellant.

The third instruction given by the court erred in authorizing the jury to award damages for mental anguish, if any. A recovery of damages for mental anguish in this case is in the face of the doctrine laid down in the *Taylor*

case, 84 Ark. 42. The case does not fall within the exception to the *Taylor* case, and instruction 4 is not applicable. The mental anguish must be the result of a physical injury. 89 Ark. 187.

*H. B. Means* for appellee.

Instruction 4 follows the principle enunciated by the court in the *Moss* case, 89 Ark. 187. Appellees being caused to get wet, etc., and to take cold and to become ill, as complained of, was all the direct result of the negligence of appellant's employees. If mental anguish was suffered when accompanied with physical pain, if such pain and mental anguish was the result of negligence on the part of appellant, appellees are entitled to recover, and would not be required to designate the particular character of pain that caused the mental suffering. 97 Ark. 506.

SMITH, J., (after stating the facts). We think the instruction numbered 3 should not have been given. Mental anguish was not a recoverable element of damages under the facts of this case. The mental anguish suffered in this case did not result from the walk in the rain and cold, nor from the sickness which resulted therefrom; but from the delay in getting to Malvern in time to look after the funeral arrangements of the father on the part of two of the appellees and the failure to attend the funeral of an uncle on the part of the other. It is true appellees suffered physical pain as the result of their illness and mental anguish on account of the delay; but there is no such causal connection between the two as that the railway must respond in damages for both.

A somewhat similar contention was made in the case of *Chicago, R. I. & P. Ry. Co.* v. *Moss*, 89 Ark. 187. There a passenger debarked from a train and requested that his baggage be put off. His request was denied, and he was insulted and humiliated by the conductor. At the trial he recovered a verdict for $5 for actual damages and $700 for humiliation and injured feelings. The opinion in that case reviewed the opinion of this court in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Taylor*, 84 Ark. 42, which is

our leading case on the right to recover damages to compensate for mental anguish unaccompanied by physical injury. It was there insisted that Moss should recover for his humiliation because it was accompanied by another "element of recoverable damages." Discussing that question, it was there said:

"The 'other element of recoverable damages' referred to, in the excerpt of the opinion above quoted, was clearly indicated in the preceding part of the opinion, wherein it was stated that damages for mental suffering may be recovered where there is a physical injury, because the two are so intimately connected that both must be considered on account of the difficulty in separating them. This is the foundation for permitting a recovery for mental suffering; and without this necessary connection between the physical injury and the mental suffering, there can be no recovery for the mental suffering. There are many cases in the books where there is a constructive physical injury, such as duress, ejection from trains, etc., where there is no physical violence, but an actual restraint or coercion of the person. In such cases, and possibly others, it would not be sound to hold that, merely because the finger was not laid upon the lapel of the coat, there can be no recovery for the wrong done, including the mental suffering resulting from such duress or coerced ejection. In order not to exclude such cases, the clause which is made the basis for this suit was added; but it was not intended to permit any disconnected recoverable element to be used as a post to which to hitch mental suffering. In this case there is no connection whatever between the recoverable element and the mental suffering; and the latter can not be sustained independently."

Appellees assert their right to recover under the authority of the case of *St. Louis, I. M. & S. Ry. Co.* v. *Brown*, 97 Ark. 505. But the opinion in that case recites the fact to be that: "There is also evidence of physical suffering resulting directly from the wrongful expulsion of plaintiff with her baggage at a lonely place on the railroad where she could not procure shelter. She became

physically exhausted in attempting to carry her baggage back to the place where the auditor told her she would find the depot, and in seeking to find a house where she could procure shelter and protection for the night. The jury had a right to consider these circumstances, and the mental, as well as the physical suffering plaintiff endured in estimating the amount of her damages.''

Here there is no connection between the mental anguish and the physical injury, and, consequently, there can be no recovery for the mental anguish.

For the error indicated, the judgment will be reversed and the cause remanded.