# Hester *v.* Ballard.

*Action on Replevy Bond.*

1. *Demurrer to part of complaint.*—Where the complaint in a suit on a replevy bond claims attorneys' fees, under a stipulation therefor in the bond sued on, the complaint alleging a good cause of action, independent of the clause asserting the claim for attorneys' fees, a demurrer to that part of the complaint only is not a proper mode of raising the question of the plaintiff's right to recover attorney's fees.

2. *Signature by mark; attestation.*—Where defendant signed a replevy bond by making his mark in the presence of the sheriff, and such officer approved the bond, defendant's signature was sufficiently attested.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAMES R. DOWDELL.

This was an action by the appellee, Joshua Ballard, against the appellant, Allen Hester, to recover damages for the alleged breach of a bond given upon the replevy of five thousand pounds of seed cotton, which had been levied on under a writ of attachment issued in a suit by the plaintiff against C. S. Veal and T. B. Veal. The complaint alleged that on August 28, 1889, the plaintiff herein recovered judgment in said attachment suit for the sum of $98.94–100, besides $54.99–100, costs of suit, and that the defendants in said suit failed to return to the sheriff, within twenty days after the obtaining of said judgment, the property replevied, and have failed to do so up to the time of the filing of the complaint in this suit. At the end of each count of the complaint, which, as stated in the opinion, contained only two counts, the plaintiff claimed twenty dollars as attorneys' fees. The defendant treated these claims for attorneys' fees as separate counts of the complaint by demurring to them as the second and fourth counts of the complaint, assigning as grounds of demurrer that the stipulation in the bond sued on to pay such attorneys' fees was an illegal exaction, and was void. The court overruled these demurrers. The defendant then filed five special pleas, in which he alleged that he could not write, that the bond sued on was signed by him by his making his mark, his name being written by another, and that this signature was not attested by a subscribing witness. The plaintiff filed a replication to these pleas, in which it was alleged that the defendant and the

[Hester v. Ballard.]

other makers of the bond sued on signed it at the same time, and that the defendant made his mark thereto in the presence of the sheriff, and that the sheriff then and there accepted said bond, "and wrote thereon 'approved' off to the left of the signatures of the makers of said bond, including said defendant's, and signed his name thereto" as sheriff. The defendant demurred to this replication on the grounds, that it failed to state that the sheriff "witnessed said bond as a witness, and that it failed to show that the defendant's signature was witnessed by a person who wrote his name as witness." The court overruled this demurrer to the replication. The case was tried August 21, 1891, when the jury rendered a verdict for the plaintiff, assessing his damages at $171.90–100; and judgment was rendered accordingly. The defendant appeals, and assigns as error the overruling of the demurrers to the complaint, and the overruling of the demurrer to the replication.

W. H. SMITH, JR., for appellant.

JAMES AIKEN, contra.

STONE, C. J.—The defendant treated and pleaded to the complaint as containing four counts, and he demurred to what he styled the second and fourth counts. The argument submitted proves that the demurrer was aimed at that part of the complaint which claims attorney's fees, the same being stipulated for in the replevy bond sued on. According to our interpretation of the complaint, it contains but two counts,—the parts treated as second and fourth counts being only parts of the first and second counts. Except in suits on bonds, assigning special breaches, a demurrer is not the proper mode of raising an objection which applies to only a part of the complaint.—*Pryor v. Beck*, 21 Ala. 393. Without pronouncing on plaintiff's right to recover attorney's fees, we have no hesitancy in declaring that the question is not so raised as that we can consider it. It is not properly raised for another reason. There is no fourth count in the complaint, and the second count undoubtedly contains a good cause of action, independent of the concluding clause, which asserts the claim for attorney's fees.

It would seem, however, that the defendant suffered no injury from the Circuit Court's ruling, even if we concede the claim of attorney's fees were improper. The amount of the verdict and judgment proves that there could not have been any recovery on that claim. The amount of the re-

[Powell v. Henry & Co.]

covery in the attachment suit against the Veals, out of which the present action grew, with interest added to that amount, accounts substantially for the recovery in this case.

If there be any thing in the objection that defendant signed the bond only with his mark, (Code, § 1,) we hold the sheriff's signature was a sufficient attestation in this case.

Affirmed.