Louisville & Nashville Railroad Company v. Gaines.

---

CASE 67—PETITION ORDINARY—JUNE 9.

# Louisville & Nashville Railroad Company v. Gaines.

### APPEAL FROM CARROLL CIRCUIT COURT.

1. RAILROADS—MISTAKE OF AGENT IN SELLING TICKET—EJECTION OF PASSENGER.—When, through the mistake of a ticket agent, one is sold a limited ticket for which he had not applied, and, after missing the train on the day of purchase, took the next train, which was the following day, and was forcibly ejected therefrom by the conductor because the ticket was out of date the previous day, the passenger may maintain his action in tort for damages.

WINSLOW & WINSLOW FOR APPELLANTS.

1. The court erred in not requiring plaintiff to elect whether he would proceed for tort or for breach of contract and in not requiring plaintiff to paragraph his petition.
2. If the action was for breach of contract alone the court did not have jurisdiction, because the contract was not made or was not to be performed in Carroll county.

3. The action in tort can not be sustained, because a railroad conductor may demand a ticket as evidence of a passenger's right of passage, or on failure to produce, he may demand fare, and on refusing to pay fare, may eject the passenger from train, using only necessary force. (McKay v. The Ohio River R. R. Co., 11 S. E. Rep., 737; 34 W. Va., 65.)

4. The action must be on the contract where a passenger pays a railroad agent for a certain trip, and by mistake of the agent, is given a ticket not answering for the trip, and where the conductor refuses to recognize such ticket, and demands fare, which the passenger refuses to pay, ejection of passenger, using only necessary force, will not be ground for an action for tort. The action must be based on the breach of contract to convey passenger. (McKay v The Ohio River R. R. Co., 11 S. E. Rep., 737; 34 W. Va. 65.)

GAUNT & DOWNS FOR APPELLEE.

1. The rule is well established that where there is evidence to support the finding of the jury on a question of fact, that this court will not interfere with the verdict, whatever may be the weight or the preponderance of the evidence.

2. Where one calls for a railroad ticket to a certain point, and receives from the company's agent a ticket purporting to be to that point, he is entitled to be carried there by the company; and if he fails to receive a proper ticket by mistake or other fault on the part of the agent of the company, the conductor has no right to eject him from the train, and if it is done the company must answer therefor in damages. (Hufford v. R. R., 7 West, 859; McGinniss v. Mo. Pac. R. R. Co., 4 West, 797.)

3. A passenger may recover for wrongful expulsion from the train, although the conductor merely orders him off without putting his hands on him. (Cent. R. & B. K. G. Co. v. Roberts (Ga.), 18 S. E., 315.)

J A. DONALDSON ON SAME SIDE.

No brief in the record.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee purchased of the ticket agent of the appellant a first-class ticket to Crab Orchard from the city of Cincinnati. The office was at Fourth and Vine streets.

He paid for his ticket and proceeded at once to the depot, where he discovered the train was then moving off and out of his reach. He returned to his hotel, and left on the next train the following morning.

After starting on his journey the conductor on the train of appellant applied for his ticket, and, upon examining it, found it was a first-class limited ticket, and out of date the day previous. He refused to receive the ticket, and under instructions from those in authority, having consulted them by telegram, took the appellee by the lapel of his coat and against his will led him off the train. Some loud talking between them preceded his removal, the appellee refusing to leave the train, but claiming the right to be carried to his place of destination.

When the ticket agent made out his ticket he placed it in an envelope and handed it to the appellee, the latter making no examination of it.

The appellee was taken from Covington to Milldale, and there transferred to another train of appellant, and from this last train was ejected.

The appellant's agent contradicts the statement made by the appellee, and says he sold him the ticket, as a limited ticket, for $4.39, while the regular first-class ticket was $6, and this would seem to sustain the agent in his version of the matter.

We think, however, there was evidently a mistake made by the ticket agent, as it does not appear the appellee knew they were selling such tickets, and he swears he applied for a first-class passenger ticket to Crab Orchard, and there is no doubt but what he supposed he had paid for such a ticket. So positive was he of his right to go upon the ticket that he requested the conductor to inform himself by tele-

gram, and the answer he received was to "*put* him off the train." He was made to leave the train about thirty miles from his home, and it seems to us without much reason on the part of the company, but, in so far as the conductor was concerned, it was his duty to obey the orders of his superiors, and he is in no wise to blame. He, of course, looked to the ticket presented to him, and by that he was to be controlled in his action, and but for the mistake made by the ticket agent the company could not be held responsible.

It is claimed, however, there was no mistake made, and there was none if the ticket agent is right in his recollection of what transpired when he sold it, but the jury heard the testimony, and seem to have been satisfied the history of the purchase of the ticket was as stated by the appellee.

It is argued that no recovery can be had except on the breach of the contract to carry, and not then if the ticket presented does not evidence the obligation to transport the passenger. This would evidently be the correct rule if the mistake had not been with the company, as it can scarcely be held that a ticket worthless for travel when sold by the agent of the company can justify the ejection of the passenger from a train when the fault is that of the company, and not that of the passenger.

It is claimed that this is an action *ex contractu*, and not *ex delicto*. We can not take this view of the petition. While many unnecessary facts are stated in the petition, they are mere matters of inducement, and what transpired when the ticket was purchased, and his going to the depot and entering the train, were facts stated, showing the rights of the plaintiff as a passenger, or, in other words, his right to be on the train.

When the appellee was taken off the train against his

will, by the conductor laying hands upon him for that. purpose, it was an assault and battery; and while no wounding or bruising of the person appears, the doctrine of *molliter manus imposuit* does not apply because the conductor had no right to remove him from the train.

The entire case rests on the testimony of the appellee and that of the ticket agent, and the verdict not being palpably against the weight of the evidence the verdict of $200 will not be disturbed.

The right to bring such an action is evident.   If the fault of the agent of the company, the remedy by an action for tort, where the passenger is forcibly ejected, ought not to be questioned.  (Hufford v. Grand Rapids & I. R. R. Co., 7 West, 850; Lake Erie R. R. Co. v. Fixie, 11 American & English Railroad cases, 109; Pittsburg R. R. Co. v. Hennyh, 39 Ind., 509; Head v. Georgia Ry. Co., 11 American State, 434.)

There was no question made as to the jurisdiction for want of service, but, on the contrary, the party appeared and made defense.

Judgment affirmed.