# Louisville & Nashville Railroad Co. v. Hine.

### *Action on the Case.*

1. *Tort; action in lies for injury caused by breach of duty.*—For an injury caused by a breach of duty which a common carrier as such owes to its passengers an action lies in tort as well as on the contract of carriage.

2. *Conductor may ordinarily require evidence of permit to ride on a freight train beyond the statement of passenger.*—Ordinarily a conductor of a freight train may require of one attempting to take passage thereon, evidence beyond his own statement and the production of a ticket, that he has conformed to a regulation requiring special permission as a prerequisite of his right to do so.

3. *In the absence of rule passenger may rely on promise of agent to procure and deliver permit.*—If it does not appear that there is a rule of the railroad company which requires absolutely that one who attempts to take passage on a freight train shall himself exhibit to the conductor a written permission to do so, he may assume that the ticket and telegraphing agent of the company will fulfill a promise made by him to the passenger to procure and give such permission to the conductor; and if relying on such promise, the passenger boards the train he cannot be rightfully ejected therefrom because of his failure to exhibit the permission to the conductor.

4. *Demurrer to part of complaint not allowable; exception.*—A demurrer does not lie to part of a complaint unless the suit be on a bond assigning breaches—the remedy is by motion to strike out the objectionable parts.

5. *Damages; proximate are recoverable.*—If the plaintiff recover in an action for breach of duty on the part of the defendant, he is entitled to damages proximately resulting to him from the wrong, including the expense and inconvenience to which he was put.

6. *Same; humiliation and indignity are actual.*—Humiliation and indignity are elements of actual damage; and these may arise from a sense of injury and outraged rights in being ejected from a railroad train without regard to the manner in which the ejection was effected, and though done only through mistake.

[Louisville & Nashville Railroad Co. v. Hine.]

7. *Same; when cannot be recovered for disappointment.*—If a passenger has been ejected from a railroad train, and after the train has proceeded only a short distance, it is stopped and he is invited by a special messenger to return to the train and resume his journey and he refuses, he cannot recover for any disappointment caused by the failure of his journey or for any ridicule because he did not make it.

8. *Same; when not recoverable for ridicule.*—If a person claims damages because of the ridicule to which he was subjected in being ejected from a railroad train, and it does not appear that the persons ridiculing him were present when he was ejected, or that he alone did not inform them of it, or that their conduct was in any sense approximate upon the wrong, he cannot recover such damages.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. H. C. SPEAKE.

Siles R. Hine brought this action against the Louisville & Nashville Railroad Co. claiming damages for being ejected from one of its trains. The facts concisely stated are these: In October, 1899, Hine applied to one Sherell, the agent of the defendant, at Athens, Ala., for a ticket and permit to ride on a freight train then near due to Decatur, Ala. He was informed by Sherell that it would be necessary for him to get a permit from the superintendent of that division. The superintendent lived at Nashville and Hine requested the agent to telegraph to him for such permit—the plaintiff paying for the telegram. The agent promised to deliver the permit to the conductor of the train on which the plaintiff intended to make his journey. It appears from the evidence that one Speake also intended to take this train, and had requested the agent to telegraph to Nashville for a permit allowing him to ride on said train. Whereupon the agent telegraphed for a joint permission for Speake and the plaintiff and delivered the permit to Speake on his calling and asking for it, and informed Hine of this fact. Speake testifies that he did not notice that the permit had Hines' name on it, and the train being a little late he decided to postpone his journey. Hine boarded the train at the station and when it had moved off some four or five hundred yards was asked by the conductor for his

ticket and permit; he produced his ticket but did not have a permit. He explained to the conductor that the agent had promised to deliver the permit to the conductor of the train and had telegraphed to Nashville for it, and that he was very anxious to continue his journey. The conductor replied that he had orders not to allow any one to ride on his train unless he had a permit and that he would have to put him off. When the train had been brought to a stop, the plaintiff, protesting, got off. No insulting or unnecessarily harsh words were used nor was there any force or violence done the person of the plaintiff. It appears from the pleadings and evidence that the object of the plaintiff's journey was to bring from Decatur to Athens the wedding garments of his bride. It also appears from the evidence that the defendant had a regulation that no passenger would be allowed to ride on its freight trains unless he had a permit from the division superintendent or general manager. The defendant demurred to the complaint as a whole on several grounds among others that the remedy was on the contract and not in tort. The plea numbered two set up the regulation of the company that a permit be first obtained before a person is permitted to ride on a freight train, and that it was known to the plaintiff. Charge 17 was "that the disappointment of the plaintiff in reference to the preparations for his wedding, if such was a fact, is not an element of damages in this case." Charge 18 was that "The fact that the plaintiff was subjected to ridicule, if such was the fact, is not an element of damage in this case." These charges were requested by the defendant and were refused. Verdict and judgment for plaintiff.

THOMAS G. & CHAS. P. JONES and ALEXANDER C. BIRCH, for appellant, contended that the rule of the company requiring a permit to ride on a freight train was a reasonable one and that as the plaintiff had no such permit it was the conductor's duty to eject him without violence or insults from the train.—*Mosher v. Railroad Co.*, 127 U. S. 390; *Hill v. R. R. Co.*, 50 Fed. Rep. 496; *Townsend v. R. R. Co.*, 56 N. Y., 295; *S. & N.*

*A. R. R. Co. v. Carmichael*, 90 Ala. 19; *McGehee & Fink v. Reynolds*, 23 So. Rep. No. 3, p. 68.

McClellan & McClellan, *contra.*—The appellant was bound by the wrongful conduct of the depot agent. This agent affirmatively misled, deceived and bertayed the appellee and brought on him humiliation and ridicule; and indignity, humiliation and ridicule are actual damages.—82 Ala. 218; 76 Ala. 492; 83 Ala. 518; 94 Ala. 226; 27 Am. & Eng. R. R. cases 186; 44 Ib. 292; 58 Ib. 460; *W. U. Tel. Co. v. Adair*, 22 So Rep. 73; *W. U. Tel. Co. v. Seed*, 22 So. Rep. 474, 268.

SHARPE, J.—A breach of the duty which a common carrier as such owes to its passengers involves misfeasance as well as nonfeasance, and for an injury caused by such breach an action lies in favor of the passenger in tort as well as upon the contract of carriage.—2 Sedg. on Dam. (8th ed.) § 859; Am. & Eng. Encyc. of Law 691; *L. & N. R. R. Co. v. Gaines*, 59 Am. St. Rep. (Ky.) 465, s. c. 99 Ky. 411; *Sheldon v. Steamship*, 18 Cal. 527.

A passenger is bound to conform to the reasonable and proper regulations of the carrier respecting the time and mode of transportation and it may be conceded that ordinarily the conductor of a freight train may require of one attempting to take passage thereon evidence beyond his own statement and the production of a ticket that he has conformed to a regulation requiring special permission as prerequisite to his right to do so. It does not appear from the complaint, however, that there was any rule of the defendant which required absolutely one who has actually obtained such permission to himself exhibit to the conductor the written evidence of such permission. In the absence of notice to the plaintiff of such absolute requirement he had a right to assume that the defendant's ticket and telegraphing agent knew his duties and would perform them. If, therefore, as appears from the complaint the plaintiff was induced to board the train and begin the journey disarmed of the written permit by the conduct of the defendant's agent and in reliance upon his advice and his undertaking to give the permit to the conductor, the

defendant could not rightfully eject him from the train for failure to exhibit a written permit to the conductor.

The carrier cannot shield itself from the consequences of misconduct or mistake on the part of one of its agents acting within the scope of his duties which has naturally betrayed another of its agents into the final act of injury to the passenger.—*Murdock v. Boston & Albany R. Co.,* 137 Mass. 293, 50 Am. Rep. 307; *Lake Erie & W. R. R. Co. v. Fix,* 88 Ind. 381, 45 Am. Rep. 464; *Hufford v. Gr. Rapids & Ind. R. Co.,* 64 Mich. 631, 8 Am. St. Rep. 859; *Head v. Ga. Pac. R. Co.,* 79 Ga. 358, 11 Am. St. Rep. 434; *L. & N. R. R. Co. v. Gaines, supra.*

Upon such considerations it appears that the demurrers to the whole complaint were properly overruled. For the reasons last stated it also appears that plea numbered two contained no sufficient answer to the complaint, and the action of the court in striking it out was without error.

A demurrer does not lie to part of a complaint unless the suit be one upon a bond assigning breaches. To rid it of objectionable parts the remedy is by motion to strike them out.—*Hester v. Ballard,* 96 Ala. 410; *Kennon v. W. U. Tel. Co.,* 92 Ala. 399; *Pryor v. Beck,* 21 Ala. 393.

The issue being found in favor of the plaintiff, he was entitled to recover the damages proximately resulting to him from the wrong including the expense and inconvenience to which he was put. Humiliation and indignity, if suffered by him from the ejection, are also elements of actual damages. Such damages may arise from a sense of injury and outraged rights engendered by the ejection alone without regard to the manner in which it was effected and though done only through mistake.—*Head v. Ga. Pac. R. Co., supra; Chicago & Alton R. Co. v. Flagg,* 43 Ill. 364; *Philadelphia, &c. R. Co. v. Hoeflich,* 50 Am. Rep. 223, s. c. 62 Md. 300; *Smith v. Pittsburg &c. R. R. Co.,* 23 Ohio 10.

We think that under the undisputed facts appearing in the record the plaintiff was not entitled to recover for disappointment in respect of arrangements for his wedding or for any ridicule to which he may have been subjected so far as is shown by the proof. It is an un-

[Louisville & Nashville Railroad Co. v. Hine.]

disputed fact that after plaintiff had left the train for a short distance only he was invited by the conductor through a special messenger to board the train and resume his journey and that he refused to do so except upon condition that the train should be backed to him. While by refusing such offer the plaintiff did not forfeit his right of action for the ejection he could not be allowed to aggravate his injury or to enhance his damages by a voluntary abandonment of the trip. On the contrary, it was his legal duty to use ordinary care to make his damage no greater than was necessary and to adopt reasonable and convenient means to that end, and the application of that rule would certainly have required of plaintiff his return to the train if the accomplishment of the journey was important.—*Ga. Pac. R. Co. v. Fullerton*, 79 Ala. 398; 5 Am. & Eng. Ency. Law, 693; *Pullman Palace Car Co. v. Blum*, 109 Ill. 20; Sedg on Dam. (7th ed.) 56. Under such circumstances, it cannot be held that the failure of plaintiff to make the trip or a consequent postponement of arrangements for his marriage was the necessary or proximate result of the wrong complained of.

There was no proof that plaintiff was subjected to ridicule other than his statement that he "was guyed by some of the boys about town for being put off and not being permitted to ride." It is not shown that the persons who did the "guying" were present when plaintiff was ejected, or that he alone did not inform them of it, or that their conduct was in any sense approximate upon the wrong.

From what we have stated as the law controlling the case it follows that charges numbered 17 and 18 requested by the defendant should have been given, and that the remainder of those charges were properly refused, and also the written charge requested by plaintiff because it affirmed the mentioned ridicule to be an element of damage should have been refused. The part of the oral charge excepted to was correct so far as it affirmed that humiliation could be the subject of plaintiff's damage, and the exception thereto covering too much was not well taken.

For the errors indicated the judgment must be reversed and the cause remanded.