[No. 7424.  Decided June 16, 1908.]

JOHN OLSON, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

CARRIERS — PASSENGERS — TICKETS — RELIANCE UPON —WRONGFUL EJECTION—MISTAKE. A passenger has a right to rely on transportation sold to him by the proper agent, without reading or examining the same, and if ejected from the train through the mistake of the agent without negligence on his part, he may recover therefor.

SAME—NEGLIGENCE IN PURCHASING TICKET—EVIDENCE—QUESTION FOR JURY. Whether a passenger was guilty of negligence in purchasing a ticket is for the jury, where it appears that he was notified that he must obtain a permit of the agent to travel by freight train, that he applied therefor to the agent, signed for it, paid his fare, and he testified that he received only a permit, which he supposed was a ticket and tendered as such, and he was corroborated by one witness to the point that no ticket was issued, although there was evidence to the contrary, and that he left his ticket at the window of the office.

SAME—EJECTION—EXCESSIVE DAMAGES. A verdict for $800 for the wrongful ejection of a passenger from a freight train, is so excessive as to show that it was the result of passion or prejudice, requiring a new trial, where the plaintiff was a man of mature years, there was no financial loss or injury to the person, and only two or three other passengers on the train, to whom it was apparent that there had been merely a mistake of some kind as to the ticket not reflecting on the plaintiff.

APPEAL—REVIEW—EXCESSIVE VERDICTS—PASSION OR PREJUDICE— DECISION—NEW TRIAL. Where a verdict is clearly excessive and out of all reason, and the result of passion or prejudice, and the right of recovery is doubtful, the verdict should not be merely reduced and allowed to stand in any of its findings, but a new trial should be ordered.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered August 1, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for ejecting a passenger from a railway train. Reversed.

[1]Reported in 96 Pac. 150.

*B. S. Grosscup* and *A. G. Avery*, for appellant, contended, *inter alia*, that there was no duty to carry by freight trains. *Illinois Cent. R. Co. v. Nelson*, 59 Ill. 110; *Falkner v. Ohio & Mississippi R. Co.*, 55 Ind. 369. Carriers may fix regulations for so doing. 2 Rorer, Railroads, p. 985; Moore, Carriers, pp. 624, 746; 5 Am. & Eng. Ency. Law, p. 540. The regulation was a reasonable one. 5 Am. & Eng. Ency. Law, p. 606; *Falkner v. Ohio & Mississippi R. Co., supra; Thomas v. Chicago and Grand Trunk R. Co.*, 37 Am. & Eng. R. R. Cases 108. The passenger is bound to take notice of such regulations. *Johnson v. Concord R. Co.*, 46 N. H. 213, 88 Am. Dec. 199; *McRea v. Wilmington etc. R. Co.*, 88 N. C. 526, 43 Am. Rep. 745; 5 Am. & Eng. Ency. Law (2d ed.), p. 484. He is presumed to read the conditions of his ticket, and to have assented. 6 Cyc. 540; 28 Am. & Eng. Ency. Law (2d ed.), p. 170. A case in point is, *Ellis v. Houston etc. R. Co.*, 30 Tex. Civ. App. 172, 70 S. W. 114. A passenger cannot recover for being misinformed, where he had knowledge of the regulations. *Connell v. Mobile & O. R. Co.* (Miss.), 7 South. 344. His good faith, and his ignorance of the regulation, do not avail him where suitable notice has been given by posting in a conspicuous place in a waiting room. *B. & M. R. Co. v. Rose*, 11 Neb. 177, 8 N. W. 433; *McCook v. Northup*, 65 Ark. 225, 45 S. W. 547. The verdict was excessive. *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802; *Cunningham v. Seattle Elec. Co.*, 3 Wash. 471, 28 Pac. 745; *Shannon v. Northern Pac. R. Co.*, 44 Wash. 321, 87 Pac. 351.

*Troy & Falknor*, for respondent.

RUDKIN, J.—The defendant owns and operates a line of railroad between Centralia and South Bend, in this state, and is a common carrier of passengers and freight for hire. It is not, however, a common carrier of passengers by freight trains, and does not hold itself out as such. On the contrary,

in order to take passage by freight, the intending passenger must first purchase a ticket and procure a permit from the proper agent of the company, and freight conductors are forbidden to receive or carry passengers without such permit. Notice of this regulation is posted in all depots along the line of the road, and two such notices were posted in the depot at Dryad at the time hereinafter mentioned. On the 24th day of August, 1906, the plaintiff applied to the defendant for transportation by freight train from Dryad to Meskill, in Lewis county, a distance of about four miles, and was informed by the conductor that he must or should obtain a permit from the agent at Dryad. The testimony is conflicting as to what transpired between the plaintiff and the agent at the time the permit was applied for. The agent testified that the plaintiff applied to him for transportation by freight from Dryad to Meskill, that he took a ticket from the case, wrote out the permit from the ticket, turned the book containing the blank permits around to the plaintiff for his signature, gave the plaintiff his change, and shoved the permit and ticket toward him; that, in the course of a half hour or so, the plaintiff returned to the depot, claiming that he had been ejected from the train because the witness had failed to give him a ticket; that the witness then looked for the ticket and found it in the ticket office window where the plaintiff had left it; that the witness then cancelled the ticket and refunded the plaintiff his money. The agent was corroborated in a measure by the fact that the permit described the ticket by number, and could not have been made out without reference to it. The ticket and permit, however, were left in possession of the agent and were produced by the defendant at the trial. The plaintiff, on the other hand, testified that no ticket was issued to him, that he paid his fare, and the agent gave him the permit in return, that he supposed the permit was the proper evidence of his right to transportation, and that he entered the caboose for that purpose. He denied that the

ticket was found on his return to the depot as stated by the agent. To the point that no ticket was issued, the plaintiff was corroborated by one other witness. At or about the time the train started, the conductor came around to take up fares. The plaintiff presented his permit, but was informed that he must produce a ticket or pay his fare, amounting to fifteen cents. The plaintiff explained that he had paid his fare to the agent and refused to pay again. The train was thereupon brought to a stop and the plaintiff ejected therefrom. This action was instituted to recover damages for the wrongful expulsion, and from a judgment in favor of the plaintiff for $800, this appeal is prosecuted.

We agree with the appellant that its regulations for the transportation of passengers by freight trains are reasonable and valid, and that passengers desiring to travel in that way must comply with such regulations. But an intending passenger who applies to the proper agent of the company for transportation by freight train has the same right to rely on the transportation furnished him as has any other passenger, and if he relies on the transportation furnished and is ejected from the train because of a mistake of the agent and without fault or negligence on his own part, he has a right of action. While there is some conflict in the authorities bearing on this question, the better rule is that a passenger has a right to rely on the ticket agent, and is not bound, as a matter of law, to read or examine his transportation before taking the train. It is for the jury to say whether the passenger is guilty of negligence in not discovering the mistake of the agent before taking the train, and the mere failure to examine or read his ticket or contract of carriage is not conclusive on that question. *Northern Pac. R. Co. v. Pauson*, 70 Fed. 585; *New York etc. R. Co. v. Winter's Adm'r*, 143 U. S. 60, 12 Sup. Ct. 356, 36 L. Ed. 71; *Louisville & Nashville R. Co. v. Gaines*, 99 Ky. 411, 36 S. W. 174, 59 Am. St. 465; *Pittsburgh etc. R. Co. v. Reynolds*, 55 Ohio

St. 370, 45 N. E. 712, 60 Am. St. 706; *Hot Springs R. Co. v. Deloney*, 65 Ark. 177, 45 S. W. 351, 67 Am. St. 913; *Gulf etc. R. Co. v. Rather*, 3 Tex. Civ. App. 72, 21 S. W. 951; 6 Cyc. 557; 5 Am. & Eng. Ency. Law (2d ed.), p. 603. And in this case, if the jury should find that the respondent paid his fare to the agent, and took the permit issued to him, believing in good faith that it was the evidence of his right to transportation, that he was ejected from the train by reason of the mistake of the agent in failing to give him a ticket, and that the respondent was not at fault in failing to discover the mistake before entering the car, a right of recovery was shown. There was testimony to warrant such a finding, and the motion for a nonsuit and for a directed judgment were properly denied.

The only other assignment we deem it necessary to consider is the claim that excessive damages were allowed under the influence of passion or prejudice. The verdict in this case is out of all reason. There was no financial loss, there was no injury to the person, there was a naked violation of a technical legal right which would entitle the respondent to little more than nominal damages. He was a man of mature years, there were but two or three other passengers on the train, and if they saw what transpired it could in no manner reflect on the respondent, as a mistake of some kind was apparent. The claim of the respondent that he was or might be taken for a hobo stealing a fifteen-cent ride, with his compass, maps and grip, is fanciful to say the least. Mistakes will occur to the most careful and the most competent, and if every mistake in the business world were to be followed by such consequences as this the transaction of ordinary business would become exceedingly hazardous. Had a like mistake occurred between private individuals, followed by the same degree of inconvenience and annoyance, a jury would grudgingly allow nominal damages, if they suffered a recovery at all. The fact that the appellant is a railroad com-

pany should not weigh with the jury and does not weigh with this court. In *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802, the wrongs suffered by the plaintiff were greater than those disclosed by the record before us, yet this court set aside a verdict of $750, saying that the evidence showed little more than a bare violation of a technical legal right which caused a momentary annoyance to the plaintiff. In *Cunningham v. Seattle Elec. R. Co.*, 3 Wash. 471, 28 Pac. 745, and *Shannon v. Northern Pac. R. Co.*, 44 Wash. 321, 87 Pac. 351, the recoveries were reduced to $500, and the wrong and humiliation to which the plaintiff in each case was subjected were incomparably greater than in this case.

We might follow our usual practice and reduce the judgment to such sum as the respondent is entitled to recover in our view of the facts, and require him to accept that amount or submit to a new trial, but the right of recovery is doubtful at best, and the verdict discloses such passion and prejudice on the part of the jury that it would be unjust to hold a litigant foreclosed by any of the findings. The judgment is therefore reversed and the cause remanded for a new trial.

HADLEY, C. J., FULLERTON, CROW, MOUNT, DUNBAR, and ROOT, JJ., concur.