[Birmingham Railway, Light & Power Company v. Tate.]

# Birmingham Railway, Light & Power Company *v.* Tate.

## *Damage for Injury to Passenger.*

### (Decided February 4, 1913.  61 South. 32.)

1. *Pleading; Complaint; Objection; How Taken.*—Where a complaint begins with a general claim for damages for personal injuries, a failure of its averments to show a causal connection between the wrong and the special damages subsequently claimed, cannot be reached by a demurrer, but the objection must be taken by motion to strike, or by objections to evidence.

2. *Carriers; Passengers; Complaint.*—In an action for injuries to a passenger, a complaint alleging the relation of passenger and carrier, and that a servant of the carrier, while acting as conductor or motorman, assaulted plaintiff, a passenger, by pointing a pistol at him, and compelling him to leave the car, states a cause of action good against demurrer that it does not appear that the assault was wrongful, and that there was not sufficient causal connection between the wrong and injury and the assault.

3. *Same; Assault; Liability.*—Where a motorman while in charge of a car assaulted a passenger by pointing a pistol at him and compelled him to leave the car, and while doing so the motorman was not undertaking to defend another passenger, or to eject the passenger because of his conduct towards other passengers, the carrier was liable unless the motorman acted in self-defense.

4. *Same; Evidence; Instructions.*—Where the undisputed evidence showed that the motorman pointed a pistol at the passenger and compelled him to leave the car, and there was no evidence that the act was justified on any ground other than that of self-defense, and the court had charged that the passenger had the burden of proving the complaint under the general issue, the fact that the court made use of expressions in dealing with the evidence as to the motorman presenting a pistol while plaintiff was a passenger, that there was no defense other than self-defense, were not erroneous.

APPEAL from Birmingham City Court.

Heard before Hon. Charles W. Ferguson.

Action by R. O. Tate against the Birmingham Railway, Light & Power Company for damages sustained by him while a passenger. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is the complaint: "Plaintiff claims of defendant the sum of $10,000 as damages for that heretofore, on, to-wit, on or about the 15th day of November, 1911, the defendant was a corporation operating an electric street railway company in Jefferson county, Ala., as a common carrier, running cars propelled by electricity for the carriage of passengers, employing motormen and conductors in the operation, and carrying on of said business. Plaintiff avers that on the date aforesaid he was a passenger on one of defendant's cars, and that while on said car an agent or servant employed by the defendant whose name is to plaintiff unknown, while acting as conductor, or motorman in charge of said car, and within the line and scope of his authority, did wantonly and maliciously assault plaintiff, taking hold of him and by presenting a pistol, and that said agent or servant cursed plaintiff and applied vile epithets, causing him great embarrassment and humiliation." Count 2 is same as 1, except that it avers that plaintiff was wantonly and maliciously maltreated and abused, and compelled at the point of a pistol to abandon and leave said car, and threatened with death. The demurrers raise the proposition that it does not appear that said assault was wrongful, or that said maltreatment and abuse was wrongful, and there is not sufficient causal connection between the alleged wrong and injuries and the alleged assault. The charge referred to in the third and fourth assignment of error is as follows: Oral charge of the court: "(3) And I will state right here, gentlemen, that there is no defense in a case of this kind other than self-defense, however opprobrious or offensive the epithets that the plaintiff may have applied to the motorman; under the law applicable to this kind of cases, he cannot resent that. (4) And I will state right here, gentlemen, that

there is no defense in a case of this kind except self-defense."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOM-INICK, for appellant. The court should have sustained demurrers to the complaint, as special damages in actions for assault and battery are consequential.—*Irby v. Wilde,* 150 Ala. 402; *Sloss-S. S. & I. Co. v. Dickinson,* 52 South. 594; *B. R., L. & P. Co. v. Norris,* 56 South. 739; 3 Cyc. 1082; 45 L. R. A. 87; 36 Am. St. Rep. 807. The court was in error in its oral charge to the jury.

BOWMAN, HOWARD & WEAVER, and JESSIE D. POPE, and FRED WALL, for appellee. Counts 1 and 2 were not subject to the demurrers.—*B. R., L. & P. Co. v. Fisher,* 173 Ala. 623; *L. & N. v. Perkins,* 152 Ala. 133. The court's oral charge must be construed as a whole, and when so construed, was correct.—*B. R. & E. Co. v. Baird,* 130 Ala. 334.

WALKER, P. J.—As each of the counts of the complaint commenced with a general claim of damages for the alleged wrong to the plaintiff which was complained of, any failure of its averments sufficiently to show the existence of a causal connection between such wrong and the special damages subsequently claimed could not properly be availed of by a demurrer to the count. If there was a failure on the part of the plaintiff to show by sufficient averments that he was entitled to special damages claimed, the objection based upon such failure, being one involving a denial of the plaintiff's right to recover a part only of the damages claimed by him, and not going to the whole count or complaint, does not constitute a good ground of demurrer to the pleading, but should be availed of by motion to strike out

the objectionable averments, or by objections to the evidence, and instructions to the jury.—*Alabama Great So. R. Co. v. Tapia*, 94 Ala. 226, 10 South. 236; *Hester v. Ballard*, 96 Ala. 410, 11 South. 427; *Kennon & Bro. v. Western Union Telegraph Co.*, 92 Ala. 399, 9 South. 200; *Birmingham Realty Co. v. Thomason*, 8 Ala. App., 63 South. 65. We are not of opinion that either count of the complaint was subject to demurrer on any of the grounds assigned.

In the argument of the counsel for the appellant it is claimed that the statements made by the court in its oral charge to the jury which are referred to in the third and fourth assignments of error amounted to instructions to the jury that there is no defense in such a case as the one at bar except self-defense. If that charge is considered as a whole, we do not think that such a meaning can be imputed to the expressions complained of. They were made use of by the court in the course of its dealing with the evidence in the case as to the defendant's motorman presenting a pistol at the plaintiff while the latter was a passenger on the car. The court had already plainly instructed the jury as to the effect of the plea of the general issue in putting upon the plaintiff the burden of proving the averments of one or both of the counts of his complaint. It does not seem to us that the expressions complained of, in the connection in which they were used, amounted to anything more, or could well have impressed the jury as amounting to anything more, than a statement that under the evidence in the case as to the motorman's conduct towards the plaintiff that conduct was not excusable or defensible unless upon the ground that he was acting in self-defense. As no question was made as to the fact that the motorman drew a pistol on the plaintiff while he was a passenger, and as there was

no evidence in the case having a tendency to show that the motorman's act was justifiable, upon any ground other than that of self-defense, which the evidence for the defendant tended to support, we are not of opinion that the appellant is entitled to complaint of either of the expressions in question.

There was no room under the evidence for a claim that the motorman in what he did was undertaking to defend another passenger or to eject the plaintiff because of his conduct towards other passengers. This being true, if he assaulted the plaintiff while the latter was a passenger on the car otherwise than under a necessity to defend himself, his employer, the defendant carrier, was liable.—*Birmingham Railway & Electric Co. v. Baird,* 130 Ala. 334, 350, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43.

What has been said disposes of the rulings which are assigned as errors.

Affirmed.